NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5093

ANN THOMAS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Ann Thomas, of Atlanta, Georgia, pro se.

Carrie A. Dunsmore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Lynn J. Bush

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5093

ANN THOMAS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-212,
Judge Lynn J. Bush.

_____

DECIDED: November 4, 2009

_____

Before MAYER, LOURIE, and RADER, <u>Circuit Judges</u>.

PER CURIAM.

Ann Thomas appeals the judgment of the United States Court of Federal Claims which: (1) denied her motion for summary judgment under the Equal Pay Act, 29 U.S.C. § 206 (2006), and (2) granted the government's motion for summary judgment on the basis of its affirmative defense of a merit system of pay. <u>Thomas v. United States</u>, 86 Fed. Cl. 633 (2009). We <u>affirm</u>.

Thomas is employed as a GS-12 Unemployment Insurance Specialist ("UI Specialist") for the Department of Labor ("DOL") in its Atlanta regional office. She claims that the agency violated the Equal Pay Act by paying her at a lower pay grade

than three male UI Specialists who are paid at the GS-13 level. She alleges that these three male employees have positions that require "equal skill, effort, and responsibility, and which are performed under similar working conditions" as her position. 29 U.S.C. § 206(d)(1).

The trial court found that genuine issues of material fact regarding whether Thomas' position was substantially equal to the jobs of her alleged comparators precluded granting summary judgment in her favor. The court concluded, however, that there were no genuine issues of material fact as to whether the pay differential was based upon the DOL's merit system of pay, which is a statutory affirmative defense to an Equal Pay Act claim. Thomas, 86 Fed. Cl. at 640-41 (citing 29 U.S.C. § 206(d)(1)). The court therefore granted the government's motion for summary judgment and dismissed Thomas' claim.

We review a grant of summary judgment by the Court of Federal Claims de novo. Suess v. United States, 535 F.3d 1348, 1359 (Fed. Cir. 2008). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. Thomas presents a general complaint about DOL's hiring and promotion system, alleging that it is not systematic or organized as required of a merit-based system, and that the agency recently promoted two women to the GS-13 level only because it was seeking a defense against her discrimination suit. We find these contentions unpersuasive.

The government presented uncontroverted evidence that Thomas reached the top of her career ladder, and had been promoted as far as she could be without participating in a competitive hiring process. It also showed that the three alleged male

comparators were awarded their GS-13 positions through hiring processes in which Thomas did not compete.  Although Thomas apparently competed for two other GS-13 positions in her regional office, she was determined not to have been the most qualified candidate for the positions.  The fact that these positions were ultimately awarded to other female candidates seriously undermines Thomas' contention that her non-selection was the result of gender discrimination.  Thomas contends that the DOL's system of hiring and promotion is not merit-based, but she fails to produce evidentiary support for her contentions.  The government presented cogent evidence that the DOL's merit system "was an organized and structured procedure by which employees were evaluated systematically and in accordance with predetermined criteria."  <u>Raymond v. United States</u>, 31 Fed. Cl. 514, 518 (1994).  As the trial court correctly determined, any alleged pay differential fell into the Equal Pay Act's merit system exception.  Disposition of her case through summary judgment was therefore appropriate.